**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: _____

JAMES S. GRADY, d/b/a GROUP FIVE PHOTOSPORTS,

      Plaintiff,

V.

PETER NELSON,

      Defendant.

---

**COMPLAINT FOR (1) COPYRIGHT INFRINGMENT
AND (2) TRADEMARK INFRINGMENT**

---

Plaintiff James S. Grady ("Grady" or "Plaintiff") files this complaint against Peter Nelson ("Nelson" or "Defendant") and alleges as follows:

**I.  NATURE OF THE CASE**

1.     This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§101 et seq. (the "Copyright Act") and The Lanham Act 15 U. S. C. §§1125 et seq. (the "Trademark Act").

2.     Plaintiff is the registered owner of the copyrights of a collective group of photographs and videos from the Colorado based web publication TrueTeenBabes (hereinafter the "Works") that the Defendant has specifically targeted for mass infringement, either directly or indirectly, through the use of the Megaupload website located at www.megaupload.com, the Motherless website located at www.motherless.com, and the Darkjb website found at www.darkjb.com.

3.     Plaintiff seeks redress for the Defendant's infringement of his exclusive rights in the Works, and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's copyrighted Works.

4.     Plaintiff is the registered owner of the exclusive trademark TrueTeenBabes™ which the Defendant has wrongfully infringed, diluted, and exploited on a large scale to draw visitors, customers and additional infringers to the Megaupload, Motherless and Darkjb websites.

5.     Plaintiff seeks further redress for the Defendant's infringement and dilution of his exclusive rights in the trademark TrueTeenBabes™, and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's trademark.

6.     Each time the Defendant unlawfully distributes a copy of Plaintiff's copyrighted Works to others over the Internet, each recipient can then distribute the unlawful copy of the Works to others without degradation in picture quality.  Thus, the Defendant's distribution of even a single unlawful copy of the Works can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. In this case, the Defendant's copyright infringement is directly responsible for a substantial number of downstream infringements, each of which devalues the Plaintiff's Works, property, rights and business.

7.     The Defendant's actions were willful and malicious in nature, entitling the Plaintiff to enhanced damages. The Plaintiff seeks statutory damages, an award of his attorneys' fees and costs of suit, as well as injunctive relief.

## II.  JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. Seq., 28 U.S.C § 1331 and 28 U.S.C § 1338(a).

9.      This Court has personal jurisdiction over the Defendant who has purposefully availed himself to this jurisdiction as he has committed unlawful and tortuous acts both within and outside the district, and has specifically aimed his tortuous acts towards this district with full knowledge that his acts would cause injury in this district and that the negative consequences thereof would be felt within this district.

10.     Defendant has infringed and continues to infringe Works clearly marked as belonging to the Plaintiff, thus Defendant's acts are expressly aimed against the Plaintiff, who is a resident of Colorado, and his business which is located within Colorado.

11.     Plaintiff's claims arise out of the Defendant's unlawful and tortuous conduct, targeted specifically at the Plaintiff and the Plaintiff's business in Colorado, which gives rise to personal jurisdiction over Defendants.

12.     As a subscriber to the Plaintiff's website TrueTeenBabes™ the Defendant is a party to the "Terms & Conditions" agreement contracting Colorado as the appropriate jurisdiction. See Plaintiff's Exhibits 001 and 002.

13.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District or were targeted at this Distract, and all of the property that is the subject of this action is situated within this District.

### III.  THE PARTIES

### A. The Plaintiff

14.     Plaintiff James S. Grady is a resident of Colorado doing business as Group Five Photosports and TrueTeenBabes™, inter alia, with his principal place of business in Littleton, Colorado.  Plaintiff produces, markets, and distributes premium quality entertainment products,

including wholly original internet content, internet websites, videos, DVDs and photographs (hereinafter "Works").

15.     Plaintiff has registered with the United States Copyright Office his copyrighted Works identified in the paragraphs below. Plaintiff has taken industry standard steps to identify his products, including placing a copyright symbol and his registered Trademark on each individual photograph, and by placing recorded copyright warnings at the beginning and end of each individual video product that appear whenever those videos are played.

16.     Plaintiff's TrueTeenBabes™ trademark has been continuously used in commerce since at least July 2001. U.S. Trademark Registration #3,733,941. See Plaintiff's Exhibit 003. Online it is common for parties to refer to TrueTeenBabes by its initials "TTB".

17.     Plaintiff has expended considerable effort and expense in promoting his Trademark and the goods sold under the Trademark TrueTeenBabes™. As a result, the purchasing public has come to know, rely on, and recognize the mark TrueTeenBabes™ as an international brand of high quality products and entertainment.

18.     Plaintiff owns the exclusive worldwide rights to his extensive archive of high-quality photographic Works, video Works and DVD products and does not allow the Works to be used, reproduced, sold, or distributed in any form by third parties.

19.     Plaintiff has dedicated significant resources to create, distribute, and protect his Works. In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of his Works.

20.     The viability and profitability of Plaintiff, and his Colorado based business, depend upon monies and revenue earned from Plaintiff's intellectual property, including

copyrights in Plaintiff's photographs, films, DVDs, movies, videos, and other creative Works marketed under his TrueTeenBabes™ Trademark.

### B. The Defendant

21.     The defendant, Peter Nelson, is also known by his alias' and screennames "Bigsmoke", "Bigsmoke420" and "Bigsmoke10420", among others, and has been identified as a supplier the Plaintiff's copyrighted Works to photo, video and DVD trading websites, pay to view websites, online forums, clubs and groups.

22.     Using these above listed screennames and the email address bigsmoke10420@yahoo.com, along with other fake identifies, the defendant has violated copyright laws since at least June of 2009.

23.     Defendant competes with the Plaintiff, and illegally supplies Plaintiff's Works to others that compete with Plaintiff, in the distribution and sale of visual Works through internet distribution.

24.     Defendant individually and, upon information and belief, with the support and coordination of others, acted willfully, knowingly and maliciously to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's intellectual property for illegal gain and profit.

### IV.  STATEMENT OF FACTS

25.     The Plaintiff is the registered owner of each and every individual Work illegally distributed by the Defendant. The United States Copyright Office registrations being violated in this action include, but are not limited to; VA 1-692-436, PA 1-792-990, PA 1-778-030, VA 1-791-720, PA 1-792-984, PA 1-792-991, PA 1-792-983, PA 1-792-987, PA 1-792-989, PA 1-792-984, VA 1-716-730, PA 1-792-977, PA 1-778-069, PA 1-778-123, PA 1-778-071, VA 1-695-

136, VA 1-808-179, PA 1-778-123, PA 1-794-812, PA 1-794-818, et al. See generally Plaintiff's Exhibits 004 to 022.

26.     Defendant is a prolific, and malicious, copyright violator and distributor of the Plaintiff's Works and numerous other registered copyrights are also being violated. Plaintiff expects to amend his Complaint to list additional Certificate of Registration numbers as investigation and discovery continue.

27.     The Internet, in conjunction with recent advances in technology, hardware and software, has resulted in the availability of effective means for circumventing intellectual property rights in nearly every industry, including online entertainment. The pervasive and intense online infringement is nearly crippling the entertainment industries by providing unfettered, unregulated, free access to copyrighted Works originally produced by reputable businesses and persons, including the Plaintiff.

27.     Infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the Works.  Infringers utilize, display, and distribute copyrighted Works for which they have no right or proper license for their own commercial means and other significant financial benefits. These actions have caused and continue to cause significant damage to the business and reputation of the true copyright holder, as well as to the copyright holder's viability and profitability.

28.     The website TrueTeenBabes is a Colorado based online subscription publication created, owned, and managed by the Plaintiff. The name TrueTeenBabes™ is a United States Trademark registered to the Plaintiff, and all content of the publication is covered by registered or pending copyrights. The publication offers a tour area and a DVD store, along with a subscriber area that can only be accessed by payment of a subscription fee. Once the payment is made the purchaser receives a unique username and password by email, then is able to access

several thousand premium quality, copyright protected, photos, videos and stories produced by the Plaintiff.

29.     The Defendant subscribed to the Plaintiff's TrueTeenBabes.com publication on one or more occasions and agreed to terms and conditions that affirm he is not allowed to redistribute the Works, and further that venue for any dispute shall be within the state of Colorado. See Exhibit 002.

30.     The website known was Megaupload was an Hong Kong, China based illegal file hosting website that generated its revenue by charging a subscription fee to those that wish to download the files it holds on its servers and by selling advertising space on its pages. Megaupload did not produce its own content or license content from reputable sources. Megaupload encouraged copyright violators, such as the Defendant here, to upload highly desirable photos and videos and rewarded them with free subscriptions and other benefits based on the total number of times those illegally uploaded files are eventually downloaded by Megaupload's paying subscribers. Those posting desirable copyright protected materials, such as the Defendant here, then used the free subscriptions they have earned to download, free of payment to the legal rightsholder, content that was provided by other copyright violators. Each user to the Megaupload site is provided a unique profile area where he can upload, delete and otherwise control his account as well as the files he has uploaded.

31.     Each post of copyright protected materials to Megaupload by violators, in this case the Defendant, is a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, including the Defendant, have the right and ability to control the infringing acts of the other individuals, and the Megaupload site, by simply deleting the files they had previously uploaded, but failing to do so makes them vicariously liable for further copyright infringement. It is not the type of venue the Plaintiff would knowingly display his copyright protected Works or Trademark.

32.     The Defendant registered as a Megaupload contributor in June of 2009 using the email "address" of "Bigsmoke10420@yahoo.com". Between November 2010 and July 2011, Defendant illegally provided Megaupload with 19 of the Plaintiff's video Works without authorization.

33.     On January 19, 2012 seven individuals and two corporations were charged in the United States with running an international organized criminal enterprise responsible for massive worldwide online piracy of numerous types of copyrighted works through Megaupload and other related sites.   These actions generate more than $175 million in criminal proceeds and cause more than half a billion dollars in harm to copyright owners. Megaupload was taken offline by agents of the Federal Bureau of Investigation (FBI). Upon information and belief, the case remains pending and the Defendant in this matter has yet to be charged.

34.     The website known as Motherless is a pornographic website allowing users to post, display and distribute photos the users have rights. Once posted to the website the image is shown in a reduced sized for the public to see. When the reduced size image is clicked upon Motherless displays the full size version in the center of web pages surrounded by advertisements for hardcore pornography. It is not the type of venue the Plaintiff would knowingly display his copyrighted Works or Trademark.

35.     Each post of copyright protected materials to Motherless by violators, including the Defendant, is a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, namely the Defendant, have the right and ability to control the infringing acts of the other individuals, and the Motherless site, by simply deleting the files they had previously uploaded but failing to do so makes them vicariously liable for further copyright infringement.

36.     The Defendant registered as a Motherless user in June 2009 and has illegally provided the website with the protected Works of the Plaintiff since August 2009. The Defendant used the email address of "bigsmoke101420@yahoo.com", and personally selected the login name of "Bigsmoke" during the Motherless registration process. To register at Motherless the user must complete an online form, affirmatively agree to certain terms and conditions, and provide a working email address to which a verification email is sent. The user must then visit that email account and take a unique 16-digit code from that email, return to the Motherless website and insert that code into a verification screen. Motherless records and stores the users IP address, email address, and other identifying information. Only the true and correct owner of the email address can register at the Motherless website login.

37.     To gain access to Motherless, the Defendant, in violation of 18 U.S.C. § 2701 and 18 U.S.C. § 1030, fraudulently agreed to certain terms and conditions, including affirming to Motherless, INC (d/b/a/ Motherless.com) that he had license or other permission to submit photos or videos to the website. The terms and conditions state in pertinent part:

> *You shall be solely responsible for your own User-Submitted Content and the consequences of posting or publishing content. In connection with User-Submitted Content, you affirm, represent, and/or warrant that: you won or have the necessary licenses, rights, consents and permissions to use and authorize MI to use all patent, trademark, trade secret, copyright, right to privacy, right to publicity, or other proprietary commercial or personal rights in and to any and all User-Submitted Content to enable inclusion and use of the User-Submitted Content in the manner contemplated by the MI website and these Terms of Use.*

38.     Defendant further agreed to allow the pornographic website Motherless to use said Works and Trademark in any manner they wished, including the advertising and promotion of adult pornography, without authority to do so. Further, the professional swimwear models

depicted in Plaintiff's works are minors under the age of 18. The terms and conditions state in pertinent part:

> *By posting Content on this website, you automatically grant, and represent and warrant that you have the right to grant, to MI and visitors of MI, an irrevocable, perpetual, non-exclusive, fully-paid, worldwide license to use, copy, perform, display and distribute such information, rights of publicity and Content and to prepare derivative works of, or incorporate into other works and other media, such information and Content, and to grant and authorize sublicenses of the foregoing.*

39.     Between August 29, 2009 and January 18th, 2012 the Defendant wrongfully uploaded to Motherless 469 of the Plaintiff's works.

40.     On December 20, 2010 the Defendant created a special forum area titled "TrueTeenBabes" on Motherless specifically targeting the Plaintiff's Colorado based business and Trademark and posted the text *"This group is dedicated to the models of trueteenbabes only... so keep all the uploads that of trueteenbabes models."* This instructs others to specifically target the Plaintiff's Colorado based business for additional infringements and damages.

41.     Due to the actions of the Defendant on Motherless, the Plaintiff's photos and videos of professional swimwear models, all of which are minors under the age of 18, and his Trademark have been illegally displayed within an array of adult pornography, including graphic depictions of oral and vaginal sex, more than seven million times.

42.     The website known as Darkjb is an illegal file sharing and trading website. The Darkjb site contains areas that Internet users can visit free of charge, and a VIP area reserved for those that pay a fee, or those, like the Defendant here, that illegally provide Darkjb with the Works of copyright holders. Darkjb generates revenue by charging a fee to enter the VIP section

containing the Plaintiff's Photographs, by advertising hardcore pornography and by advertising other sexually related products. It is not the type of venue where the Plaintiff would knowingly display his copyrighted Works or Trademark.

43.     Each post of copyright protected materials to Darkjb by violators, such as the Defendant, is a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, such as the Defendant, have the right and ability to control the infringing acts of the other individuals, and the Darkjb site, by simply deleting the files they had previously uploaded, but failing to do so makes them vicariously liable for further copyright infringement.

44.     The Defendant created his account at Darkjb in October 2009 with the username "Bigsmoke420" and the email address bigsmoke10420@yahoo.com. To register at Darkjb the user must complete an online form and provide a working email address to which a verification email is sent. The user must then visit that email account and take a unique 16-digit code from that email, return to the Darkjb website and insert that code into a verification screen. Darkjb records and stores the users IP address, email address, and other identifying information. Only the true and correct owner of the email address can register at Darkjb.

45.     The Darkjb website contained a VIP section specifically targeting the Plaintiff's Works and titled "TrueTeenBabes". In order to gain access to the VIP section, the Defendant provided Darkjb with 19 of the Plaintiff's video works and 255 of the Plaintiff's protected photographs or photographs derived from the video Works.

46.     Due to the actions of the Defendant on Darkjb, the Plaintiff's photos and videos of professional swimwear models, all of which are minors under the age of 18, and his Trademark have been illegally displayed within an array of adult pornography, including graphic depictions of oral and vaginal sex. The gross number of times these Works have been viewed

and duplicated (downloaded), and thus the direct, contributory and vicarious infringement totals have yet to be quantified. An exact number may be revelaed discovery.

47.     To date, without authorization, the Defendant has directly reproduced and distributed no less than 762 copies of the Plaintiff's copyright registered photographs on the Megaupload, Motherless and Darkjb websites. The gross number of times these materials have been downloaded by others, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery, but is known to be over seven million times.

48.     Copyright law states any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright holder. By its definition each view or download of the Plaintiff's Works, as caused by the Defendant, constitutes a separate and distinct instance of infringement. In this case the Plaintiff's Works have been viewed, without authorization or compensation, millions of times on one website alone, and illegally made available for download by the Defendant for months, and for some files years, without permission. With the enormous amount of Internet users viewing the Defendant's illegal posts and file sharing accounts, the number of uncompensated views and duplications (downloads) grows daily thus furthering the number of copyright infringements attributed directly to the Defendant and contributing to the further dilution of the Plaintiff's Trademark.

49.     Each of the 762 registered Works illegally given to Megaupload, Motherless and Darkjb by the Defendant are clearly marked with the Plaintiff's Trademark TrueTeenBabes™.

50.     The Defendant did not seek permission from the Plaintiff to use his copyright protected Works for any purpose.

51.     Under no circumstances has the Plaintiff authorized the use of his copyright protected Works for the commercial promotion of adult pornography, nor does the Plaintiff contemplate any circumstance under which he would do so.

52.     The commercial value of the Plaintiff's copyrights has been greatly diminished by the Defendant's actions.

53.     The Defendant did not seek permission from the Plaintiff to use his Trademark for any purpose.

54.     Under no circumstances has the Plaintiff authorized the use of his Trademark for the commercial promotion of adult pornography, nor does the Plaintiff contemplate any circumstance under which he would do so.

55.     The commercial value of the Plaintiff's Trademark has been greatly diminished by the Defendant's actions.

56.     The Defendant's actions have caused irreparable injury to the Plaintiff's reputation and goodwill, as well as that of his TrueTeenBabes™ Trademark and Copyrights.

## V.  FIRST CAUSE OF ACTION & CLAIM FOR RELEIF
### (Copyright Infringement 17 U.S.C. § 501)

57.     The Plaintiff incorporates by reference as if verbatim all information contained in each paragraph above.

58.     Plaintiff is the registered copyright owner of the Works infringed upon by the Defendant.

59.     Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce the Works and to distribute them. Defendant willfully, maliciously and intentionally infringed upon these rights.

60.     Plaintiff is informed and believes, and on that basis alleges, Defendant without the permission or consent of Plaintiff, has used, and continues to use the internet and various web sites to distribute the Plaintiff's Works to the public, and/or make the Plaintiff's Works available for distribution to others, including other web site users.  In doing so, Defendant has directly violated Plaintiff's exclusive rights of reproduction and distribution.   Defendant's actions constitute direct infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act.

61.     Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement were willfully, maliciously and illegally conducted.

62.     As a result of Defendant's infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to attorney fees pursuant to 17 U.S.C. § 505.

63.     Defendant's conduct causes and will continue to cause Plaintiff great and irreparable injury.  Such harm will continue unless the Defendant is enjoined from such conduct by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyrights, and ordering Defendant to destroy all copies of the Works made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VI.  SECOND CAUSE OF ACTION & CLAIM FOR RELEIF
### (Contributory Copyright Infringement)

64.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

65.     Without authorization, individuals have copied, reproduced, distributed, created derivative Works and publicly displayed Plaintiff's Works by and through Megaupload, Motherless and Darkjb, thereby directly infringing Plaintiff's copyrights.

66.     The Defendant contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display Plaintiff's Works by and through Megaupload, Motherless and Darkjb without regard to the ownership of the Photographs.

67.     The Defendant created his posts at Megaupload, Motherless and Darkjb with the intent of promoting the infringement of the Plaintiff's Copyright protected Works. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's Copyrighted Works by reproducing, distributing, and publicly displaying such Works.

68.     The Defendant knew of the infringement, was conscious of his own infringement, and was conscious of the fact that multiple other persons derivatively, and illegally, downloaded the Plaintiff's Works.

69.     The infringement by other website users could not have occurred but for the Defendant's participation in uploading the Plaintiff's protected Works. As such, the Defendant's participation in the infringing activities of others is substantial.

70.     The Defendant profited from this contributory infringement by way of being granted access to a greater library of infringing Works on Megaupload, Motherless and Darkjb, some of which belonged to the Plaintiff and some of which belonged to other copyright holders,

and further by commissions and other payments or benefits received from Megaupload, Motherless and Darkjb as one of their members and affiliates.

71.     Defendant's inducing others to infringe on Plaintiff's copyrighted works was willful, malicious and in disregard of and indifference to Plaintiff's rights.

72.     The willful acts and malicious conduct of the Defendant, as alleged in this Complaint, constitute contributory copyright infringement.

## VII.  THIRD CAUSE OF ACTION & CLAIM FOR RELEIF
### (Vicarious Copyright Infringement)

73.     The Plaintiff incorporates by reference as if verbatim all information contained in each paragraph above.

74.     Without authorization, individuals have reproduced, distributed, created derivative Works and publicly displayed Plaintiff's Works by and through Megaupload, Motherless and Darkjb thereby directly infringing Plaintiff's copyrights.

75.     Defendant had the right and ability to control the infringing acts of the other individuals that violated the Plaintiff's rights by simply deleting the posts he made to Megaupload, Motherless and Darkjb, yet he willfully and maliciously chose not to do so.

76.     Defendant received direct financial benefit from the infringing activities of others that he failed to control when he had the right and ability to do so.

77.     Defendant's conduct as alleged in this Complaint, constitute vicarious copyright infringement.

## VIII.  FOURTH CAUSE OF ACTION & CLAIM FOR RELEIF

**(Trademark Infringement – False Designation of Origin)**

78.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

79.     Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™, has never licensed it to outside parties, nor does he contemplate any circumstance under which he would do so.

80.     Defendant's repetitive use of the mark TrueTeenBabes™ in connection with displaying Plaintiff's photographs constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Works displayed and distributed by the Defendant on Megaupload, Motherless and Darkjb. Defendant's usage tends to deceive and confuse consumers into believing Defendant's illegal services and postings are affiliated with the Plaintiff, are sponsored or approved of by Plaintiff, or are otherwise associated with or authorized by Plaintiff.

81.     By engaging in the activities described above the Defendant has made, and is making, false, deceptive and misleading statements constituting unfair competition, false designation of origin, and false advertising in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82.     Defendant engaged in this course of action willfully, maliciously and with full knowledge and awareness of the superior Trademark rights of the Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendant's services are associated with, affiliated with or licensed by Plaintiff.

83.     The Defendant's acts of unfair competition and false advertising have caused and continues to cause great and irreparable injury to the Plaintiff, his Trademark and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time. Without

action, the Defendant will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

84.	Plaintiff is entitled to recover all damages sustained as a result of the Defendant's unlawful conduct, treble damages, costs of this action, and reasonable attorneys' fees.

85.	Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition, false designation of origin, and false advertising.

### IX.  FOURTH CAUSE OF ACTION & CLAIM FOR RELEIF
#### (Trademark Infringement – Dilution)

86.	The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

87.	Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™ which has become and at all times relevant has been "famous" within the meaning of 15 U. S. C. § 1125(c).

88.	The websites to which the Defendant has wrongfully posted Plaintiff's high-quality Works typically intermingle them with images of poor quality or of an offensive or illegal nature, as well as use them to promote adult pornography.

89.	The acts of Defendant averred herein have lessened the capacity of the Plaintiff's Trademark to identify and distinguish Plaintiff's services and products from those of the Defendant and the pornographic websites he promotes and affiliates with, have tarnished the valuable image and reputation associated with the Trademark, and have created an undesirable, unwholesome, or unsavory mental association with Plaintiff and the TrueTeenBabes™ Trademark, damaging Plaintiff's goodwill and disparaging Plaintiff's rights in the TrueTeenBabes™ Trademark.

90.     The Defendant's acts and conduct are in violation of 15 U. S. C. § 1125(c). Defendant willfully and maliciously intended to trade on Plaintiff's reputation and/or cause dilution of the Plaintiff's TrueTeenBabes™ Trademark.

91.     Plaintiff is entitled to recover all damages sustained as a result of the Defendant's unlawful conduct, treble damages, costs of this action, and reasonable attorneys' fees.

92.     Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of Trademark infringement and dilution.

## X. PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(1)     That the Court enter a judgement declaring that the Defendant has:

    a.      willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501 no less than 762 times through his direct, contributory and vicarious acts;

    b.      willfully violated Plaintiff's registered Trademark through his false designation of origin and Trademark dilution acts;

    c.      otherwise injured the personal and business reputation of Plaintiff by his acts and conduct as set forth in this Complaint;

(2)     That the Court issue an injunction providing that:

    a.      The Defendant shall hereby be enjoined from directly or indirectly infringing upon the copyrights in these Works or any other Works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's

Works, to distribute (i.e., upload) any of Plaintiff's Works, or to make any of Plaintiff's Works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express consent.

b.      The Defendant shall destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

c.      The Defendant shall hereby be enjoined from directly or indirectly infringing upon the Trademarks, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation, except pursuant to a lawful license or with the Plaintiff's express consent.

(3)     Statutory damages for each infringement of Plaintiff's copyrighted Works pursuant to 17 U.S.C. § 504 in an amount to be proven at trial, but not less than $1000 for each of the 762 direct infringements ($762,000) or if the Court finds the Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, not less than $5000 for each of the 762 direct infringements ($3,810,000).

(4)     That the Defendant be ordered to pay $500,000 in damages for his willful Trademark infringement and dilution.

(5)     That the Defendant be ordered to pay punitive damages in an amount the Court deems just and proper.

(6)     That Defendant pay to the Plaintiff his reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

(7)     That the Defendant pay the Plaintiff the costs of this action; and,

(8)     For such other and further relief, either at law or in equity, general or special, to which Plaintiff may be entitled.

DATED: November 15, 2012

Contiguglia / Fazzone P.C.

/s/  Andrew Contiguglia
Andrew Contiguglia
CO Registration No. 26901
44 Cook St., Suite 100
Denver, CO 80206
303-780-7333 / 303-780-7337 (fax)
ajc@ajcpc.com

Attorney for Plaintiff
James S. Grady, d/b/a Group Five Photosports