**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No.  12-cv-03004-RM-KMT

JAMES S. GRADY, d/b/a GROUP FIVE PHOTOSPORTS,

    Plaintiff,

v.

PETER NELSON,

    Defendant.

---

### ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

---

Plaintiff James S. Grady, d/b/a Group Five Photosports ("Plaintiff") bring claims against Defendant Peter Nelson ("Defendant") in this action arising out of alleged infringement of Plaintiff's copyrighted works.  Before the Court is Plaintiffs' Motion for Final Default Judgment, Damages, Attorney's Fees & Costs, and Permanent Injunction Against Defendant Peter Nelson (the "Motion"), filed November 27, 2013.  (ECF No. 27.)  Defendant has not responded to the Motion or this lawsuit.

Default must enter against a party who fails to appear or otherwise defend a lawsuit.  Fed. R. Civ. P. 55(a).  "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir.1991) (internal citation omitted).

"Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Wright & Miller § 2688, at 63.  A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation marks and citation omitted).

Upon review of the Motion, Complaint and the full record, I hereby GRANT the motion and ORDER a hearing set on the issue of damages and attorney fees, if any, to be awarded to Plaintiff. Counsel for Plaintiffs shall prepare a form order for injunctive relief as well as a form Final Order and Judgment for my consideration at the hearing, which will be set by separate Minute Order after dates are cleared.

DATED this 29th day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge